# BRACH | EICHLER LLC

Anthony M. Rainone
Direct Dial: 973-364-8372
Direct Fax: 973-618-5972
E-mail: arainone@bracheichler.com

October 28, 2014

**VIA ECF & FAX (212-805-0426)**

Hon. Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
Courtroom: 12D
500 Pearl Street
New York, NY 10007-1312

> Re: **Heather Freireich v. Interpublic Group of Companies, et al.**
>     **Index No. 14-cv-8426 (LTS)**
>     **Our File No. FRE189-267657**

Dear Judge Swain:

This firm represents Plaintiff in the above referenced matter.

Pursuant to Your Honor's individual practices, Section A (2)(h), enclosed please find a courtesy copy of the Complaint in this matter.

Respectfully yours,

Anthony M. Rainone

AMR:jps
Enclosure

cc: Heather Freireich (via email)
    Danielle Y. Alvarez, Esq. (via email)

14 CV 8426

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SWAIN

| | |
|---|---|
| HEATHER FREIREICH, individually and on behalf of all other persons similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>INTERPUBLIC GROUP OF COMPANIES, INC., UNIVERSAL MCCANN WORLDWIDE, INC., IPG MEDIABRANDS, MCCANN WORLDGROUP, LLC, ABC COMPANIES 1-10 and JOHN DOES 1-10,<br><br>  Defendants. | Civil Action No.:<br><br><br>**COMPLAINT AND JURY DEMAND** |



Plaintiff Heather Freireich ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys Brach Eichler L.L.C., by way of Complaint, says:

## NATURE OF THE ACTION

1.  This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in New York State as an associate, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the FLSA during the three year period preceding this Complaint.

2.  This is also a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in New York State as an

associate, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the New York Labor Law §663 ("NYLL") and 12 N.Y.C.R.R. §142-2.2 during the six year period preceding this Complaint.

3. Defendants' violations of the FLSA and NYLL were willful and Defendants are liable to Plaintiff and all other persons similarly situated for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and any other relief available by law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law pursuant to 29 U.S.C. §1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims herein occurred in the Southern District of New York. In addition, Defendants regularly transact business in this District, have a principal place of business in this District, and this lawsuit arises out of Defendants' activities in this District such that they are subject to personal jurisdiction in the Southern District of New York.

## PARTIES

7. Plaintiff is a former employee of Defendants. At all relevant times, she worked in one of Defendants' offices located in this District at 1400 Broadway, New York, New York.

8. On or about August 22, 2014, Plaintiff's employment with Defendants ceased.

9. Defendant Interpublic Group of Companies, Inc., commonly referred to as IPG, is a Delaware corporation. IPG's main business address is located at 1114 Avenue of the Americas, New

York, New York. At all relevant times, IPG has maintained offices across the United States and in over 100 countries worldwide.

10.  Defendant Universal McCann Worldwide, Inc., commonly referred to as UM, is one of IPG's principal and wholly owned subsidiaries. At all relevant times, UM has maintained a principal place of business at 100 West 33rd Street, New York, New York, as well as other offices in New York City and the following United States locations: Detroit, Michigan; Los Angeles, California; Miami, Florida; and San Francisco, California.

11.  Defendant IPG Mediabrands is one of IPG's holding companies. It operates a network of IPG's media agencies, including UM. At all relevant times, IPG Mediabrands has maintained a principal place of business at 100 West 33rd Street, New York, New York.

12.  Defendant McCann Worldgroup, LLC, which uses the trade name "J3", is a subsidiary of IPG. It has a principal place of business at 28 West 23rd Street, New York, New York and has, at all relevant times, maintained an office at 1400 Broadway, New York, New York.

13.  Defendants are engaged in providing advertising services to clients worldwide.

14.  Defendants are part of a single integrated enterprise. At all relevant times, Defendants shared common policies and practices with regard to employees, including wages and hours, and were joint employers with regard to Plaintiff and all other persons similarly situated.

15.  Defendants ABC Companies 1-10 are entities that discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

16.  Defendants John Does 1-10 are persons who discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

## FACTUAL ALLEGATIONS

17. Plaintiff was employed by Defendants as an associate from approximately March 24, 2014 through August 24, 2014.

18. At all relevant times, Plaintiff was assigned to one of J3's Integrated Planning teams.

19. Plaintiff's primary responsibility was to assist senior team members in their development of media strategies and plans for a single client. At all relevant times, Plaintiff acted solely at the direction of senior team members.

20. Plaintiff's daily tasks were delegated by senior team members and included: inputting and retrieving data from programs such as Mediatools to maintain flowcharts; transferring data from programs such as Kantar Media's Stradegy into different formats such as pre-designed power point slides; relaying information from vendors to senior team members; serving as a liaison between vendors and clients as directed by senior team members; and summarizing information in periodic client updates. All of Plaintiff's work was reviewed by senior team members and Plaintiff did not exercise any discretion or decision making authority.

21. In addition, Plaintiff regularly attended weekly or biweekly conference calls which were also attended by at least one person from a state outside of New York.

22. Defendants characterize the associate position as an entry level position requiring the following qualifications:

- Knowledge and passion for media/advertising
- Strong written and oral communication skills
- Excellent attention to detail
- Exceptional organizational skills and multi-tasking capabilities
- Ability to work well under pressure
- Strong quantitative skills, including analytical abilities
- Proficiency at MS Suite: Excel, Word, PowerPoint
- Ability to be flexible and be a team player
- Bachelor's degree

23. According to UM's Employee Handbook, full-time employees, such as Plaintiff, are those who work at least 35 hours per week on a regular basis.

24. According to UM's Employee Handbook, the standard workweek for full-time employees is Monday through Friday, beginning at 9:00 a.m. and "ending as soon after 5:00 p.m. as our workloads and the needs of our clients permit."

25. Notwithstanding these written policies, Defendants expected associates, including Plaintiff, to regularly work in excess of 40 hours per workweek.

26. In an effort to encourage Defendants' employees to work late, at all relevant times, UM maintained a policy whereby employees that work past 9:00 p.m. are permitted to expense a meal and taxi home.

27. According to UM's Employee Handbook, full-time non-exempt employees are entitled to count paid time off (e.g., holiday, vacation and sick time) as hours worked for purposes of calculating overtime.

28. At all relevant times, Plaintiff and all other persons similarly situated regularly worked for Defendants in excess of 40 hours per week without receiving overtime compensation.

29. During her employment with Defendants, Plaintiff worked: 42.25 hours in the workweek ending March 30, 2014; 46.75 hours in the workweek ending April 6, 2014; 49.50 hours in the workweek ending April 13, 2014; 40.75 hours in the workweek ending April 20, 2014; 49.50 hours in the workweek ending April 27, 2014; 49 hours in the workweek ending May 4, 2014; 50.25 hours in the workweek ending May 11, 2014; 54 hours in the workweek ending May 18, 2014; 39.25 hours in the workweek ending May 25, 2014 (including 21 hours of paid time off); 43 hours in the workweek ending June 1, 2014 (including 7 hours of paid time off); 49.25 hours in the workweek ending June 8, 2014; 51.25 hours in the workweek ending June 15, 2014; 50.75 hours in the workweek ending June 22, 2014;

47.25 hours in the workweek ending June 29, 2014; 44.5 hours in the workweek ending July 6, 2014 (including 14 hours of paid time off); 35 hours in the workweek ending July 13, 2014 (including 35 hours of paid time off); 52.75 hours in the workweek ending July 20, 2014; 51.5 hours in the workweek ending July 27, 2014; 50.25 hours in the workweek ending August 3, 2014; 48.5 hours in the workweek ending August 10, 2014 (including 7 hours of paid time off); 48.5 hours in the workweek ending August 17, 2014 (including 7 hours of paid time off); and 36.75 hours in the workweek ending August 24, 2014 (including 7 hours of paid time off). Defendants did not pay regular or overtime premium pay for any of these workweeks.

30.  Defendants paid Plaintiff two (2) times per month.

31.  Defendants paid Plaintiff an annual salary of approximately $33,000.

32.  As such, Plaintiff's regular rate of pay was approximately $15.87 per hour, and her overtime rate of pay was approximately $23.81 per hour.

33.  Plaintiff worked a total of at least 159.5 hours of overtime, but Defendants failed to pay Plaintiff at her regular or overtime premium pay for such hours.

34.  Plaintiff was an employee without discretion or independent judgment with regard to matters of significance. Plaintiff lacked discretion and independent judgment over how to carry out her own job duties as associates are expected to follow the instructions of senior team members in performing their functions. Moreover, all of Plaintiff's work, including emails, was reviewed by senior team members and at no time did Plaintiff exercise any discretion and independent judgment.

35.  Plaintiff was the most junior member of the team, and she did not have any management responsibilities. She was responsible only for her own work.

36.  Plaintiff's primary duties did not involve management or general business operations.

37. Plaintiff's primary duties did not involve the exercise of discretion and independent judgment with respect to matters of significance.

38. Plaintiff's primary duties did not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized academic instruction or study. Plaintiff held a Bachelor of Arts degree in Mass Communication during her employment with Defendants.

39. Plaintiff's primary duties did not involve work that required invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

40. Defendants incorrectly classified Plaintiff and all other persons similarly employed as an associate, or any other equivalent position, as exempt from the FLSA's and NYLL's overtime requirements and improperly and unlawfully failed to compensate these employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek.

41. Defendants' violations of the FLSA and NYLL were willful, repeated, knowing and intentional and significantly damaged Plaintiff and all other persons similarly situated.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

A. **Class Action Under Fed. R. Civ. P. 23**

42. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

43. Pursuant to Fed. R. Civ. P. Rule 23, Plaintiff seeks to prosecute the claims herein as a class action on behalf of all other persons similarly situated, which includes all persons who were employed, within the meaning of the NYLL, by Defendants anywhere in New York State as an associate, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the NYLL §663 and 12 N.Y.C.R.R. §142-2.2 at any time since six years prior to the date of this Complaint to the entry of judgment in this case.

44. All members of the class performed the same basic duties and assignments as Plaintiff described above. Plaintiff and all members of the class were similarly subject to Defendants' common policies and practices of improperly classifying associates, or any other equivalent positions, as exempt employees and/or improperly failing to pay them overtime compensation.

45. Plaintiff is a member of the class she seeks to represent, and her claims are typical of the claims of the class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the class.

46. Questions of law and fact common to the class predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to the class. Among the questions of law and fact common to the class are: (1) whether Defendants employed Plaintiff and members of the class within the meaning of the NYLL; (2) whether Defendants improperly classified Plaintiff and members of the class as exempt employees under the NYLL; (3) whether Defendants failed to pay Plaintiff and members of the class overtime compensation; (4) whether Defendants' failure to pay overtime compensation to Plaintiff and members of the class violates the NYLL and the regulations promulgated thereunder; (4) whether Defendants are liable for all damages claimed herein; and (5) whether Defendants should be enjoined from such violations of the NYLL in the future. These common questions of law and fact arise from the same course of events and each class member will make similar legal arguments to prove Defendants' liability.

47. Defendants have acted or refused to act on grounds generally applicable to the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

48. Certification of the proposed class is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of Plaintiff and the class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude

of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiff, the members of the class, and Defendants.

49. The class members are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and the facts on which the calculation of that number are presently within the sole control of Defendants. However, upon information and belief, the number of class members is sufficient to satisfy the numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1).

50. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the class. There will be no difficulty in the management of this action as a class action.

51. Plaintiff's interests are co-extensive with those of the members of the proposed class. Plaintiff is willing and able to represent the class fairly and vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel that is experienced and competent in the fields of employment law, wage and hour law, and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the members of the proposed class.

52. The cost of proving Defendants' violations of the NYLL and the regulations promulgated thereunder makes it impracticable for Plaintiff and the members of the class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of litigants with identical claims. The claims of the class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the class arise from the same course of events and each class member makes similar legal arguments to prove Defendants' liability.

B. **Collective Action Under 29 U.S.C. §216(b)**

53.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

54.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute the claims herein as a collective action on behalf of all other persons similarly situated, which includes all other persons who were employed by Defendants anywhere in New York State as an associate, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week in violation of the FLSA at any time since three years prior to the date of this Complaint to the entry of judgment in this case.

55.     The putative party plaintiffs all performed the same basic duties and assignments as Plaintiff described above. They were all subject to Defendants' common policies and practices of improperly classifying associates, or any other equivalent position, as exempt employees and/or improperly failing to pay them overtime to which they are entitled. Plaintiff's claims herein are similar to those of the putative party plaintiffs.

56.     Defendants violated the FLSA by failing to pay associates, or any other equivalent positions, one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

57.     Defendants' violations of the FLSA were willful, repeated, knowing and intentional, and significantly damaged Plaintiff and the putative party plaintiffs.

58.     Pursuant to 29 U.S.C. §§207(a)(1) and 216(b), Defendants are liable to Plaintiff and the putative party plaintiffs for the full amount of unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of Plaintiff and the putative party plaintiffs.

59. Plaintiff is currently unaware of the identities of all putative party plaintiffs. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as an associate, or any other equivalent positions, anywhere in New York State during the three year period prior to the filing date of this Complaint, stating their last known addresses, telephone numbers and email addresses, so that Plaintiff can provide such putative party plaintiffs notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## COUNT ONE
### Fair Labor Standards Act

60. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

61. At all relevant times, each Defendant has been and continues to be an employer engaged in interstate and international commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. §203.

62. Defendants maintain offices outside of New York State and regularly interact with clients internationally. Defendants' employees regularly travel outside of New York State and work with other employees outside of New York State.

63. Defendants employ thousands of employees and have an annual dollar volume of sales or business well in excess of $500,000.

64. At all relevant times, Plaintiff and all putative party plaintiffs were and/or are employees of Defendants within the meaning of the FLSA, 29 U.S.C. §203.

65. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216.

66. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

67. Plaintiff and the putative party plaintiffs were not exempt from the requirement that Defendants pay them overtime compensation under the FLSA, and they are entitled to be paid overtime compensation by Defendants for all overtime hours worked during the three years prior to the date of this Complaint.

68. At all relevant times, Plaintiff and the putative party plaintiffs regularly worked in excess of 40 hours per workweek.

69. At all relevant times, Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA as alleged herein, by improperly classifying Plaintiff and the putative party plaintiffs as exempt from the provisions of the FLSA and by failing or refusing to pay them overtime pay for their hours worked in excess of 40 hours in a workweek.

70. The foregoing conduct of Defendants constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

71. Plaintiff, on behalf of herself and all other persons similarly situated, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relied as this Court deems just and proper.

## COUNT TWO
### New York Labor Law

72. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

73. Pursuant to 12 N.Y.C.R.R. §142-2.2, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.

74. Pursuant to the NYLL §663, an employer who fails to pay overtime shall be liable for the amount of any underpayments, plus liquidated damages of 100% of the wages, plus attorneys' fees and costs.

75. At all relevant times, Defendants willfully and repeatedly failed to pay Plaintiff and all members of the class at least one and one-half their regular rate for hours worked in excess of 40 per workweek.

76. As a result of Defendants' failure to pay Plaintiff and the members of the class overtime compensation, Defendants have violated 12 N.Y.C.R.R. §142-2.2. Defendants' violations of New York law have significantly damaged Plaintiff and the members of the class, entitling them to recover the total amount of unpaid overtime compensation.

77. Plaintiff, on behalf of herself and all other persons similarly situated, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the NYLL § 198, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relied as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other persons similarly situated, respectfully requests that the Court grant the following relief:

a. Declare this action to be maintainable as a collective action pursuant to the FLSA and direct Defendants to provide Plaintiff with a list of all persons employed by Defendants as an associate, or any other equivalent position, during the three years preceding this Complaint, including the last known address, telephone number and email address of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

b. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 and designate Plaintiff as class representative and her counsel of record as class counsel;

c. Declaratory judgment that the practices complained of in this Complaint are unlawful pursuant to the FLSA and the NYLL;

d. Award unpaid overtime compensation due under the FLSA and NYLL;

e. Award liquidated damages under the FLSA and NYLL;

f. Award attorneys' fees and costs under the FLSA and NYLL;

g. Pre- and post-judgment interest; and

h. Any other relief that this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff, on behalf of herself and all other persons similarly situated, hereby requests a trial by jury on all issues and claims so triable.

Respectfully submitted,

BRACH EICHLER, L.L.C.

Anthony M. Rainone, Esq.
Danielle Y. Alvarez, Esq. (*Pro Hac Vice* to be filed)
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
arainone@bracheichler.com
dalvarez@bracheichler.com
*Attorneys for Plaintiff Heather Freireich, individually and on behalf of all other persons similarly situated*

Dated: October 16, 2014